CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

May 12, 2025

LAURA A. AUSTIN, CLERK
BY:
       s/A. Beeson
    DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **CHRISTIAN THOMAS NEALSON,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:24-cv-00799** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **INTEL OFFICER C. COLE, <u>et al.</u>,** | ) | **Senior United States District Judge** |
| **Defendants.** | ) | |

### ORDER

Christian Thomas Nealson, a Virginia inmate proceeding <u>pro se</u>, filed this civil action under 42 U.S.C. § 1983 against correctional officers at Keen Mountain Correctional Center. Nealson claims that the defendants confiscated five personal notebooks and charged him with a disciplinary offense in retaliation for filing lawsuits against other correctional officers. The case is presently before the court on Nealson's motions for preliminary injunctive relief. ECF Nos. 9 and 22. The first motion seeks the return of his notebooks, and the second motion seeks assistance in obtaining a book shipped to him at Green Rock Correctional Center, where he is presently incarcerated. For the following reasons, both motions will be denied.

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." <u>Winter v. Nat. Res. Def. Council, Inc.</u>, 555 U.S. 7, 22 (2008). A plaintiff seeking such relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." <u>Id.</u> at 20. In <u>Winter</u>, the Supreme Court "made clear that <u>each</u> of these four factors must be satisfied to obtain preliminary injunctive relief" and that it is "unnecessary to address all four factors when

one or more ha[s] not been satisfied." Henderson v. Bluefield Hosp. Co., LLC, 902 F.3d 432, 439

(4th Cir. 2018) (emphasis in original) (citing Winter, 555 U.S. at 20, 23).

In addition to the factors set forth in Winter, a party seeking preliminary injunctive relief

"must necessarily establish a relationship between the injury claimed in the party's motion and

the conduct asserted in the complaint." Omega World Travel v. Trans World Airlines, 111 F.3d

14, 16 (4th Cir. 1997) (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)). "This

requires a sufficient nexus between the claims raised in a motion for injunctive relief and the

claims set forth in the underlying complaint itself." Pac. Radiation Oncology, LLC v. Queen's

Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015). A preliminary injunction "may never issue to prevent

an injury or harm which not even the moving party contends was caused by the wrong claimed

in the underlying action." Omega World Travel, 111 F.3d at 16.

Applying these standards, the court concludes that Nealson's motions for preliminary

injunctive relief must be denied. Although the first motion seeks relief related to the claims

asserted in the underlying complaint, Nealson has not shown that irreparable harm is likely in the

absence of preliminary injunctive relief or that the public interest supports the issuance of a

preliminary injunction. While Nealson alleges that the notebooks contained information relevant

to his pending cases, his lack of access to the notebooks has not prevented him from litigating

this case or other cases pending in the Western District of Virginia. He has responded to the

motion to dismiss filed in his case, and he has continued to file motions in other cases.

Additionally, courts have recognized that requests for preliminary injunctive relief in the

prison setting must be "viewed with great caution" because of the "complex and intractable

problems of prison administration," Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (internal

quotation marks omitted), and that "[f]ederal micromanagement of state prisons is, among

other things, a recipe for poor administrative results," Nasim v. Warden, Md. House of Corr.,
64 F.3d 951, 958 (4th Cir. 1995).  Based on the circumstances presented, the court concludes
that it would be inappropriate to interfere with the property decisions made by prison officials
prior to a decision on the merits of Nealson's claims. See Taylor v. Freeman, 34 F.3d 266, 274
& n.1 (4th Cir. 1995) (vacating a preliminary injunction and noting that the district court failed
to adequately account for "the degree to which the public interest is disserved when federal
courts assume the role of state prison administrators").

Nealson's second motion does not seek to prevent harm caused by the conduct alleged in
the underlying complaint, which occurred at Keen Mountain Correctional Center. Instead, the
motion requests preliminary injunctive relief to remedy an alleged denial of access to a book
mailed to him at a different prison. Because the allegations in the motion are not related to the
conduct described in the complaint, "they cannot provide the basis for a preliminary injunction
in this lawsuit." Devose, 42 F.3d at 471.

For these reasons, Nealson's motions for preliminary injunctive relief, ECF Nos. 9 and
22, are **DENIED**. The Clerk is directed to send a copy of this order to the parties.

It is so **ORDERED**.

Entered: May 12, 2025

Mike Urbanski
Senior U.S. District
Judge
2025.05.12 11:56:49
-04'00'

Michael F. Urbanski
Senior United States District Judge